Rule 23 order filed
August 22, 2019.
Motion to publish granted
September 23, 2019.

2019 IL App (5th) 180588

NO. 5-18-0588

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| ANGELA SHAW, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 17-L-454 |
| | ) | |
| MATT HAAS, an Employee of Schnuck Markets, | ) | |
| Inc.; EMPLOYEE OF DEFENDANT | ) | |
| SCHNUCK MARKETS, INC.; and SCHNUCK | ) | |
| MARKETS, INC., | ) | Honorable |
| | ) | Andrew J. Gleeson, |
| Defendants-Appellants. | ) | Judge, presiding. |

PRESIDING JUSTICE OVERSTREET delivered the judgment of the court, with opinion.

Justices Moore and Boie concurred in the judgment and opinion.

## OPINION

¶ 1    The defendants, Matt Haas (Haas), an employee of Schnuck Markets, Inc.; employee of defendant Schnuck Markets, Inc.; and Schnuck Markets, Inc. (Schnuck), appeal the November 21, 2018, order of the circuit court of St. Clair County that denied their motion to dismiss/transfer based on *forum non conveniens*. For the following reasons, we reverse and remand with directions for the circuit court to enter an order granting the defendants' motion and transferring the cause to Monroe County.

1

¶ 2                                      BACKGROUND

¶ 3     On August 17, 2015, the plaintiff, Angela Shaw, was walking in the vestibule of a store owned and operated by Schnuck, located in the city of Waterloo in Monroe County, Illinois, when Haas, acting within the scope of his employment with Schnuck, was pushing a line of shopping carts into the vestibule, lost control of the shopping carts, and caused them to collide with Shaw, thereby injuring her.

¶ 4     On August 16, 2017, Shaw—a resident of Monroe County—filed in the circuit court of St. Clair County a seven-count personal injury complaint against Schnuck, an unidentified employee of Schnuck referred to as "John Doe,"[1] and an employee of Schnuck, alleging negligence, vicarious liability, *res ipsa loquitor*, and negligent hiring, training, supervision, and retention.

¶ 5     On September 18, 2017, Schnuck filed a motion to dismiss/transfer based on *forum non conveniens*, alleging as follows: The facts giving rise to the claim occurred in Monroe County. The unnamed defendants were acting on behalf of Schnuck in Monroe County and are presumably located in Monroe County. Shaw resides in Monroe County. Schnuck conducts business in Monroe County. The citizens of Monroe County have a greater interest in deciding the controversy as opposed to those of St. Clair County. It would be unfair to impose the burden and expense of the litigation on St. Clair County, which has no connection to the controversy. The evidence relating to the incident is located in Monroe County. Any witnesses to the incident would have been residing in or traveling through Monroe County, and it would be more convenient for the parties and witnesses to litigate the matter in Monroe County.

---

[1]John Doe was subsequently identified as Haas in Shaw's amended complaint.

¶ 6    The motion to dismiss/transfer based on *forum non conveniens* further alleged as follows: No events relating to the litigation occurred in St. Clair County. Although Schnuck operates a store in St. Clair County, its unrelated business transactions there are not significant factors for purposes of *forum non conveniens*. Shaw engaged in forum shopping by filing the action in St. Clair County and, as a result, no deference should be given to her choice of forum there. St. Clair County has no legitimate connection to the case.

¶ 7    The defendants requested that the circuit court enter an order dismissing the complaint or, in the alternative, transferring the complaint to Monroe County on the basis of *forum non conveniens*. On August 15, 2018, Shaw filed an amended complaint, adding Haas as a defendant. On September 19, 2018, Haas filed a motion to join Schnuck's motion to dismiss/transfer based on *forum non conveniens*.

¶ 8    In her memorandum in opposition to the defendants' joint motion to dismiss/transfer based on *forum non conveniens*, Shaw argued that St. Clair County and Monroe County are equally convenient for purposes of venue and alleged as follows: Schnuck is a Missouri corporation with its corporate headquarters in St. Louis, Missouri, where Schnuck's corporate representative would presumably be located. Schnuck's headquarters and corporate representative are closer to St. Clair County than Monroe County. Schnuck operates two stores in St. Clair County. St. Clair County has an interest in whether Schnuck implements proper training procedures and policies that will protect St. Clair County citizens who shop there. Accordingly, Shaw alleged that St. Clair County has a sufficient interest in the case to justify the expense of trial and the imposition of jury duty on its citizens.

¶ 9    Shaw's memorandum in opposition to the defendants' joint motion to dismiss/transfer based on *forum non conveniens* further alleged as follows: Regarding docket congestion, the

defendants provided no statistics to show that Monroe County is more suitable than St. Clair County. Defense counsel are located in St. Clair County. Shaw's counsel is located in St. Louis, Missouri, which is closer to St. Clair County than Monroe County.

¶ 10 Shaw further alleged that her treating surgeon, who is expected to provide testimony in the case, is located in St. Clair County, and Shaw's surgery occurred there. Haas resides in Randolph County. Monroe County and St. Clair County are nearly equal in distance from Haas's residence. Shaw resides in Monroe County. Shaw was employed at Memorial Hospital in St. Clair County at the time of the incident and lost her job due to the injuries she sustained. Accordingly, any documentation on lost wages or individuals to be deposed on the same are located in St. Clair County. There is nothing in the record to indicate the parties' abilities to conduct discovery or engage in other pretrial matters would be unduly hampered by proceeding in St. Clair County. All liability witnesses are currently employed by Schnuck and may be compelled to appear via notice under the applicable rules of the Illinois Supreme Court. Shaw's treating physicians and medical records are subject to subpoena, whether issued in Monroe County or St. Clair County. Shaw argued that the balance of the factors does not strongly favor a transfer. Accordingly, Shaw requested that the circuit court deny the defendants' motion to dismiss/transfer based on *forum non conveniens*.

¶ 11 On September 27, 2018, the defendants filed a supplemental memorandum in support of their motion to dismiss/transfer based on *forum non conveniens*, in which the following was alleged: Haas's residence is closer in proximity to the Monroe County courthouse than the St. Clair County courthouse. Training for Schnuck employees is conducted on an individual store basis; thus, Haas was trained at Schnuck in Monroe County. Although Shaw's surgeon is located in St. Clair County, her primary care provider is located in Monroe County. The difference of the

4

distance between Schnuck corporate headquarters and the Monroe County or St. Clair County courthouse is less than one mile.

¶ 12    Regarding Shaw's allegation that she was employed at Memorial Hospital in St. Clair County at the time of the incident and lost her job due to her injuries, the defendants countered that Shaw indicated in her written discovery that at the time of her injury, she was *attempting* to get her job back at Memorial Hospital. The defendants alleged that there was no evidence that Shaw would have been hired back or retained at Memorial Hospital during this time and per Shaw's own statement, she could not be hired back due to the injury. Accordingly, the defendants contended that Shaw's arguments in this regard should not be considered.

¶ 13    On November 21, 2018, after arguments by counsel, the circuit court entered an order denying the defendants' joint motion to dismiss/transfer based on *forum non conveniens*. On December 21, 2018, the defendants filed a petition for leave to appeal, which we granted.

¶ 14                                              ANALYSIS

¶ 15    The issue on appeal is whether the circuit court erred by denying the defendants' motion to dismiss/transfer based on *forum non conveniens*. "A trial court's decision on a *forum non conveniens* motion will be reversed only if it can be shown that the trial court abused its discretion in balancing the various factors at issue." *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005). A circuit court abuses its discretion where no reasonable person would take its adopted view. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177 (2003).

¶ 16    "*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006). The doctrine permits the circuit court to

5

decline jurisdiction over a case when trial in another forum would better serve the ends of justice. *Id.* If jurisdiction is so declined, the case must be dismissed because the circuit court lacks the authority to transfer it. *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 13. "The dismissal is conditioned on the plaintiff timely filing the action in the other forum; and the defendant accepting service of process from that court, and waiving any available statute of limitations defense." *Id.*; see also Ill. S. Ct. R. 187(c)(2) (eff. Jan. 4, 2013). "Each *forum non conveniens* case must be considered as unique on its facts." *Langenhorst*, 219 Ill. 2d at 443. "Every request for transfer based upon *forum non conveniens* must be decided pursuant to an 'individualized, case-by-case consideration of convenience and fairness.' " *Gridley*, 217 Ill. 2d at 168 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

¶ 17     In determining whether to grant or deny a motion to dismiss on the basis of *forum non conveniens*, the circuit court must balance private interest factors affecting the litigants and public interest factors affecting the administration of the courts. *Dawdy*, 207 Ill. 2d at 172. The private interest factors include the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive. *Id.* The public interest factors include the interest in having local controversies decided locally, the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin, and the unfairness of imposing jury duty upon residents of a county with no connection to the litigation. *Id.* at 173.

6

¶ 18    The defendant has the burden of showing that the balance of the relevant public and private interest factors strongly favors a dismissal and transfer (*id.*), and the circuit court must evaluate the totality of the circumstances when determining whether that burden has been met (*Fennell*, 2012 IL 113812, ¶ 17). The relevant factors are not weighed against each other, and no single factor should be emphasized. *Langenhorst*, 219 Ill. 2d at 443-44.

¶ 19    "An additional consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum." *Dawdy*, 207 Ill. 2d at 173. It is generally assumed that the plaintiff's choice of forum is convenient, and unless the balance of the relevant factors strongly favor a dismissal, the plaintiff's choice should rarely be disturbed. *Id.* "However, when the plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's choice of forum is accorded less deference." *Fennell*, 2012 IL 113812, ¶ 18. Moreover, when the plaintiff is foreign to the chosen forum and the action that gives rise to the litigation did not occur in the chosen forum, "it is reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, a strategy contrary to the purposes behind the venue rules." (Internal quotation marks omitted.) *Dawdy*, 207 Ill. 2d at 174. "A plaintiff's right to choose a forum 'cannot be permitted to override the public interest in, and need for, an orderly, efficiently operated judicial system.' " *Id.* at 175 (quoting *Espinosa v. Norfolk & Western Ry. Co.*, 86 Ill. 2d 111, 123 (1981)).

¶ 20    Here, the circuit court abused its discretion by denying the defendants' motion to dismiss/transfer on the basis of *forum non conveniens* because, although we acknowledge Shaw's right to choose the forum, a balance of the relevant factors strongly favors a transfer to Monroe County (see *Gridley*, 217 Ill. 2d at 169) and the record shows that a trial in Monroe

7

County would better serve the ends of justice, as well as the convenience of the parties (see *Dawdy*, 207 Ill. 2d at 177).

¶ 21    Regarding the private interest factors, we begin by reviewing the facts pertaining to the relative ease of access to sources of evidence. We note at the outset that we refuse to consider any arguments regarding evidence pertaining to lost wages because Shaw's discovery responses indicate that she was merely *seeking* to be hired by her former employer at the time of her injury. Shaw's counsel confirmed this at the hearing by indicating that when Shaw was injured, "she was going to be seeking employment at her prior employer which was Memorial Hospital." Since Shaw had no wages at the time of the injury, she could not have lost any wages because of the injury.

¶ 22    With regard to other sources of evidence, Shaw was injured at Schnuck in Monroe County. Both store managers in connection to the case work at Schnuck in Monroe County. Haas as well as any additional employees who may be necessary to testify pursuant to Shaw's complaint are employed at Schnuck in Monroe County, given that the training, hiring, and firing of Schnuck employees is conducted on an individual store basis. Consequently, although Schnuck operates stores in St. Clair County, any business transactions there are unrelated to the instant case and insignificant for purposes of *forum non conveniens*. See *Czarnecki v. Uno-Ven Co.*, 339 Ill. App. 3d 504, 509 (2003).

¶ 23    We acknowledge that Shaw's surgery occurred in St. Clair County and her treating surgeon practices there. However, the record reflects that she also has health care providers in Monroe County. We are also mindful that "the testimony of a plaintiff's treating physician is not 'at the heart of the issue' in cases that do not involve medical malpractice claims." *Ammerman v. Raymond Corp.*, 379 Ill. App. 3d 878, 890 (2008) (quoting *Kahn v. Enterprise Rent-A-Car Co.*,

8

355 Ill. App. 3d 13, 26 (2004)). Moreover, subsequent medical treatment given to Shaw in St. Clair County is not relevant to the *forum non conveniens* analysis here because there is no dispute regarding the necessity or propriety of the medical treatment Shaw received after the injury, but rather, the issue is whether the defendants' conduct—which occurred in Monroe County—was negligent. See *Kahn*, 355 Ill. App. 3d at 17-18. Accordingly, we are cautious not to give undue weight to the fact that Shaw's surgeon practices in St. Clair County. See *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 227 (1987).

¶ 24 We note that Shaw presents inconsistent arguments concerning travel required for witnesses. She indicates that "Monroe County and St. Clair County are nearly equidistant from Matt Haas'[s] residence" and "[i]t can hardly be said that asking Matt Haas *** to travel to St. Clair County rather than Monroe County is an inconvenience." Using Google Maps, we take judicial notice (see *Hoskin v. Union Pacific R.R. Co.*, 365 Ill. App. 3d 1021, 1024-25 (2006); see also *Dawdy*, 207 Ill. 2d at 177) that Haas's residence is 5.4 miles closer, with eight minutes less travel time, to the Monroe County courthouse than to the St. Clair County courthouse. Google Maps, http://www.google.com/maps (last visited July 30, 2019).

¶ 25 Conversely, Shaw emphasizes that St. Clair County is closer to Schnuck headquarters and corporate representative than is Monroe County. Again, we take judicial notice (see *Hoskin*, 365 Ill. App. 3d at 1024-25; see also *Dawdy*, 207 Ill. 2d at 177) that, although Schnuck headquarters is 2.7 miles closer to the St. Clair County courthouse than to the Monroe County courthouse, it takes four minutes longer to travel to the former, despite the shorter distance. See Google Maps, http://www.google.com/maps (last visited July 30, 2019). Shaw cannot have it both ways, implying that it would be inconvenient for the corporate witness to travel 2.7 miles farther to testify in Monroe County—when it takes four minutes less to travel there—while alleging that it

9

is *not* inconvenient for Haas to travel 5.4 miles farther, and eight minutes longer, to testify in St. Clair County.

¶ 26    Regarding the convenience of the parties, Shaw resides in Monroe County. A trial in Monroe County would be convenient for her, although the defendants may not prevail by arguing that St. Clair County is inconvenient for her. See *Hoskin*, 365 Ill. App. 3d at 1024. As previously mentioned, the Monroe County courthouse is 5.4 miles closer, with eight minutes longer drive time, to Haas's residence than the St. Clair County courthouse, and the travel discrepancy for the Schnuck corporate witness to travel is virtually nonexistent because the shorter travel time cancels the 2.7 mile difference. We also consider that in *Dawdy*, the Illinois Supreme Court emphasized that mileage is but one of many factors of convenience and rejected the contention that a trial in an adjacent county is unquestionably convenient for a defendant. See 207 Ill. 2d at 180. We find the private interest factors of convenience to the parties and ease of access to the sources of evidence both weigh in favor of Monroe County because Shaw sustained her injury there and the witnesses are on the whole closer to Monroe County.

¶ 27    The next private interest factor is the possibility of viewing the premises, if appropriate. If the circuit court in this case decides that viewing the premises where Shaw sustained her injury is appropriate, that would occur at Schnuck in Monroe County. Although Monroe County is adjacent to St. Clair County, it would not be rational for a jury of St. Clair County residents to travel to Monroe County to view the accident site. See *Dawdy*, 207 Ill. 2d at 179. Moreover, viewing the premises would arguably be more expeditious if the trial were in Monroe County. See *id.* For these reasons, this private interest factor also weighs in favor of Monroe County over St. Clair County.

10

¶ 28     We next weigh the private interest factor of all other practical considerations that make a trial easy, expeditious, and inexpensive. Shaw indicates that her attorney is located in St. Louis, which is closer to St. Clair County than Monroe County, and defense counsel are located in St. Clair County. "While a court may consider this factor, 'little weight should be accorded it.' " *Id.* (quoting *Boner v. Peabody Coal Co.*, 142 Ill. 2d 523, 534 (1991)). Accordingly, while these considerations may favor St. Clair County, we allow them only slight influence. We conclude that overall, the private interest factors favor a trial in Monroe County over St. Clair County.

¶ 29     The public interest factors include court congestion and judicial administration, imposing jury duty on residents of a community that is not related to the litigation, and the local interest in local controversies. See *Dawdy*, 207 Ill. 2d at 180. Here, the public interest factors strongly support Monroe County as the appropriate forum to try this case. While court congestion in and of itself is relatively insignificant if no other relevant factors are in favor of a transfer, it is nevertheless appropriate to consider it in the plaintiff's chosen forum. See *id.* at 181. Here, there are other factors that favor a transfer. Accordingly, court congestion is not insignificant. See *id.* Shaw emphasizes that the defendants provided no statistics of court congestion to show that Monroe County is more suitable than St. Clair County. Notwithstanding the lack of statistics in the record, the annual report of the Administrative Office of the Illinois Courts (annual report) has been referenced as a proper instrument to assess court congestion. See *id.*

¶ 30     The 2017 annual report reveals that there were 1528 jury actions with damages exceeding $50,000 pending in St. Clair County, while only 44 such cases were pending in Monroe County. See Illinois Courts Statistical Summary 2017, http://courts.illinois.gov/SupremeCourt/AnnualReport/2018/2017_Statistical_Summary_Final.pdf. Moreover, the average time between the filing and the verdict in such cases in St. Clair County

11

was 57.8 months, but only 14.4 months—over 3½ years less—in Monroe County. See *id.* Based on these statistics, the public interest factor of docket congestion strongly favors a trial in Monroe County.

¶ 31    Another public interest factor is the local interest in local controversies. Shaw contends that Schnuck has a significant presence in St. Clair County because it operates two stores there. She further contends that St. Clair County has a sufficient interest to justify the expense of trial and the imposition of jury duty on its citizens because of the desire to ensure that Schnuck is implementing proper training procedures and safe policies that will protect the citizens of the county who shop there. We disagree.

¶ 32    To reiterate, Shaw resides in Monroe County and all relevant conduct alleged in her complaint occurred there, including not only the incident itself, but also the training, hiring, and firing of Schnuck employees that is conducted on an individual store basis. Consequently, the relevant evidence regarding such practices will be derived from Schnuck in Monroe County. Although Schnuck may operate stores in St. Clair County, any business transactions there are unrelated to the instant case and insignificant for purposes of *forum non conveniens*. See *Czarnecki*, 339 Ill. App. 3d at 509. For these reasons, the public interest factor of local interest in local controversies favors Monroe County.

¶ 33    Addressing the public interest factor of jury duty, we conclude that St. Clair County residents should not be burdened with jury duty when the action neither arose there nor has any relation to that county. See *Dawdy*, 207 Ill. 2d at 183. Again, Shaw was injured in Monroe County, which gives the citizens of that county "a significant interest in the dispute and, therefore, it would not be unfair to burden the residents thereof with jury duty in this case." *Id.* Accordingly, the public interest factor pertaining to jury duty favors Monroe County.

12

¶ 34    Finally, we acknowledge that Shaw's choice of forum in St. Clair County is entitled to deference. However, she is foreign to the chosen forum as she resides in Monroe County and the action giving rise to the litigation did not occur in the chosen forum, but in Monroe County. Accordingly, it is reasonable to conclude that Shaw engaged in forum shopping to suit her individual interests (*id.* at 174) and her choice of forum is accorded less deference (*Fennell*, 2012 IL 113812, ¶ 18). Additionally, it is not improper to disturb Shaw's choice of forum in this case, as the balance of the above-mentioned factors strongly favors a dismissal. See *Dawdy*, 207 Ill. 2d at 173.

¶ 35    In conclusion, the weight of the private interest factors favors Monroe County, the weight of the public interest factors strongly favors Monroe County, and our deference to Shaw's chosen forum is reduced because she neither resides there nor did the action arise there. Accordingly, we find that the circuit court abused its discretion in denying the defendants' motion to dismiss/transfer based on *forum non conveniens*.

¶ 36                                    CONCLUSION

¶ 37    For the foregoing reasons, we reverse the November 21, 2018, order of the circuit court of St. Clair County and remand with directions to grant the defendants' motion and to transfer the cause to Monroe County.

¶ 38    Reversed and remanded with directions.

13

2019 IL App (5th) 180588

NO. 5-18-0588

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| ANGELA SHAW, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 17-L-454 |
| | ) | |
| MATT HAAS, an Employee of Schnuck Markets, | ) | |
| Inc.; EMPLOYEE OF DEFENDANT | ) | |
| SCHNUCK MARKETS, INC.; and SCHNUCK | ) | |
| MARKETS, INC., | ) | Honorable |
| | ) | Andrew J. Gleeson, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

**Rule 23 Order Filed:**        August 22, 2019
**Motion to Publish Granted:**    September 23, 2019
**Opinion Filed:**             September 23, 2019

_____

**Justices:**        Honorable David K. Overstreet, P.J.

                       Honorable James R. Moore, J., and
                       Honorable Mark M. Boie, J.,
                       Concur

_____

**Attorneys**       Beth Kamp Veath, Bryce Pfalzgraf, Brown & James, P.C., Richland Plaza
**for**            1, 525 West Main, Suite 200, Belleville, IL 62220-1547
**Appellants**

_____

**Attorney**        Patrick T. Hinrichs, The Bradley Law Firm, LLC, 1424 Washington Ave.,
**for**            Suite 300, St. Louis, MO 63103
**Appellee**

_____