Rule 23 order filed
April 27, 2020.
Motion to publish granted
June 4, 2020.

2020 IL App (5th) 190225

NO. 5-19-0225

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MICHAEL KUHN and JUDY KUHN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellees, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 18-L-379 |
| | ) | |
| RICHARD E. NICOL, M.D.; ROBERT J. | ) | |
| MARSHALL, M.D.; INFINITY-MEDS, LLP; and | ) | |
| ST. JOSEPH'S HOSPITAL, BREESE, OF THE | ) | |
| HOSPITAL SISTERS OF THE THIRD ORDER OF | ) | |
| ST. FRANCIS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Heinz M. Rudolf, |
| (Richard E. Nicol, M.D., Defendant-Appellant). | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court, with opinion.
Justices Overstreet and Boie concurred in the judgment and opinion.

**OPINION**

¶ 1 The defendant, Richard E. Nicol, M.D., appeals the May 7, 2019, order of the circuit court of St. Clair County, which denied his motion to transfer this cause to Clinton County on the basis of *forum non conveniens*. For the following reasons, we reverse and remand with directions that the circuit court transfer this cause to Clinton County.

¶ 2                                              FACTS

¶ 3 On May 30, 2018, the plaintiffs, Michael Kuhn and Judy Kuhn, filed a complaint in the circuit court of St. Clair County, alleging a cause of action for medical malpractice against

1

St. Joseph's Hospital, Breese, of the Hospital Sisters of the Third Order of St. Francis (St. Joseph's) and Infinity-Meds, LLP (Infinity), as well as Richard E. Nicol, M.D., and Robert J. Marshall, M.D.[1] The complaint alleges that St. Joseph's and Infinity's employees, Dr. Nicol and Dr. Marshall, negligently failed to timely diagnose and treat Michael's stroke, causing Michael debilitating injury. On July 31, 2018, St. Joseph's filed a motion to transfer venue to Clinton County on the grounds of *forum non conveniens*.

¶ 4 According to St. Joseph's motion to transfer, the plaintiffs are residents of Clinton County, the alleged medical malpractice occurred in Clinton County, and all pertinent records regarding the events surrounding the plaintiffs' allegations of medical malpractice are in Clinton County. St. Joseph's argued that because the plaintiffs' cause of action had no connection to St. Clair County, the relevant private and public interest factors strongly favor transfer to Clinton County. In support of its motion, St. Joseph's attached the "Annual Report of the Illinois Courts Statistical Summary—2016," which indicates that in calendar year 2016, 100 civil cases were filed in Clinton County, one of which was terminated by verdict. As of 2016, the average time between the filing of a civil case and a verdict in Clinton County was 60.2 months. In contrast, 2925 cases were filed in St. Clair County, 12 of which were terminated by verdict. As of 2016, the average time between the filing of a civil case and a verdict in St. Clair County was 66.9 months.

¶ 5 On August 2, 2018, Infinity filed a motion to join St. Joseph's motion to transfer this case to Clinton County. On August 21, 2018, in lieu of a response addressing the arguments set forth in the motions to transfer, the plaintiffs filed the affidavit of their counsel "in opposition to the motion to transfer." According to the affidavit, "in fact there is a good deal of evidence located in

---

[1]Originally, the complaint named Midwest Emergency Department Services, Inc., as a defendant. However, on July 9, 2018, the circuit court granted the plaintiffs' motion to amend the complaint by interlineation to substitute Infinity as the correct defendant.

St. Clair County." The affidavit identified medical professionals who the affidavit indicated "are actively treating [the] plaintiff" at medical facilities in Belleville and O'Fallon, located in St. Clair County. The affidavit then states that, "[i]n addition, [the] plaintiff has several lay witnesses who would have relevant information about [the] plaintiff's condition both before and after the stroke, and how [the] defendants['] alleged negligence has affected him and those individuals are all located in St. Clair County." The affidavit then contains a list of 25 names.

¶ 6     On September 19, 2018, the circuit court held a hearing on St. Joseph's and Infinity's motion to transfer. On September 21, 2018, the circuit court entered an order denying the motion to transfer. On October 10, 2018, St. Joseph's filed a supplement to its motion to transfer, attaching the medical record of Michael's admission into St. Joseph's during the time of the alleged medical malpractice, as well as the affidavit of the division director of risk management for Hospital Sisters Health System, of which St. Joseph's is a part. According to this affidavit, based on information and belief, the following individuals referenced in the medical record reside in Clinton County: (1) Dr. Arnel Garcia (primary care medicine); (2) Dr. David Neighbors (primary care medicine); (3) Dr. Brett Prywitch (radiology); (4) Elizabeth Terry (registered nurse); (5) Geralyn Stock (clerk); and (6) Veronica Hund (ECG technician). In addition, the affidavit states that St. Joseph's is a not-for-profit corporation with its exclusive place of business in Clinton County and operates a hospital in Clinton County. The affidavit further states that its medical records, department records, and imaging studies are maintained in Clinton County. Finally, the affidavit states that Hospital Sisters Health System is based in Springfield, Illinois, and St. Joseph's is a separate legal entity with its own board of directors.

¶ 7     On October 12, 2018, St. Joseph's filed a second supplement to its motion to transfer, attaching information from the website for the ambulance service that transferred Michael to the

hospital following his stroke. The information shows that the ambulance service is in Clinton County. On December 12, 2018, this court granted St. Joseph's and Infinity's petition for leave to appeal the circuit court's September 21, 2018, order denying their motion to transfer, and that appeal was docketed in this court as case No. 5-18-0501.

¶ 8     On March 4, 2019, having recently been served with the complaint, Dr. Nicol filed his own motion to transfer the case to Clinton County based on *forum non conveniens*. Dr. Nicol attached his affidavit to the motion. In his affidavit, Dr. Nicol attested that his care and treatment of Michael took place at St. Joseph's in Clinton County, and none of Michael's treatment occurred in St. Clair County. Further, Dr. Nicol averred that he resides in Madison County and worked in Clinton County at the time of his treatment of Michael. Dr. Nicol's affidavit concluded that participating in a trial in St. Clair County would be personally and professionally inconvenient to him, and that a trial in Clinton County would be more convenient. Dr. Nicol also attached the medical records from St. Joseph's under seal, as well as the information on the ambulance service and the Statistical Summary of the Illinois Courts from 2016, to his motion to transfer.

¶ 9     On March 18, 2019, St. Joseph's and Infinity filed a motion to stay their appeal pending the circuit court's ruling on Dr. Nicol's motion to transfer. On April 3, 2019, this court entered an order staying the appeal in No. 5-18-0501. On May 7, 2019, the circuit court entered an order denying Dr. Nicol's motion to transfer. On June 5, 2019, Dr. Nicol filed a petition for leave to appeal, which this court granted on August 21, 2019.

¶ 10                                    ANALYSIS

¶ 11    This court recently set forth, in detail, the standards to be employed by the circuit court, and by this court on review, when the issue is whether to transfer a cause based on the doctrine of *forum non conveniens* set forth in Illinois Supreme Court Rule 187(c)(2) (eff. Jan. 4, 2013):

4

" 'A trial court's decision on a *forum non conveniens* motion will be reversed only if it can be shown that the trial court abused its discretion in balancing the various factors at issue.' *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005). A circuit court abuses its discretion where no reasonable person would take its adopted view. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177 (2003).

'*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice.' *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006). The doctrine permits the circuit court to decline jurisdiction over a case when trial in another forum would better serve the ends of justice. *Id*. If jurisdiction is so declined, the case must be dismissed because the circuit court lacks the authority to transfer it. *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 13. 'The dismissal is conditioned on the plaintiff timely filing the action in the other forum; and the defendant accepting service of process from that court, and waiving any available statute of limitations defense.' *Id*.; see also Ill. S. Ct. R. 187(c)(2) (eff. Jan. 4, 2013). 'Each *forum non conveniens* case must be considered as unique on its facts.' *Langenhorst*, 219 Ill. 2d at 443. 'Every request for transfer based upon *forum non conveniens* must be decided pursuant to an "individualized, case-by-case consideration of convenience and fairness." ' *Gridley*, 217 Ill. 2d at 168 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

In determining whether to grant or deny a motion to dismiss on the basis of *forum non conveniens*, the circuit court must balance private interest factors affecting the litigants and public interest factors affecting the administration of the courts. *Dawdy*, 207 Ill. 2d at 172. The private interest factors include the convenience of the parties; the relative

5

ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive. *Id*. The public interest factors include the interest in having local controversies decided locally, the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin, and the unfairness of imposing jury duty upon residents of a county with no connection to the litigation. *Id*. at 173.

The defendant has the burden of showing that the balance of the relevant public and private interest factors strongly favors a dismissal and transfer (*id*.), and the circuit court must evaluate the totality of the circumstances when determining whether that burden has been met (*Fennell*, 2012 IL 113812, ¶ 17). The relevant factors are not weighed against each other, and no single factor should be emphasized. *Langenhorst*, 219 Ill. 2d at 443-44.

'An additional consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum.' *Dawdy*, 207 Ill. 2d at 173. It is generally assumed that the plaintiff's choice of forum is convenient, and unless the balance of the relevant factors strongly favor a dismissal, the plaintiff's choice should rarely be disturbed. *Id*. 'However, when the plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's choice of forum is accorded less deference.' *Fennell*, 2012 IL 113812, ¶ 18. Moreover, when the plaintiff is foreign to the chosen forum and the action that gives rise to the litigation did not occur in the chosen forum, 'it is reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, a strategy contrary to the purposes behind the venue rules.' (Internal

quotation marks omitted.) *Dawdy*, 207 Ill. 2d at 174. 'A plaintiff's right to choose a forum "cannot be permitted to override the public interest in, and need for, an orderly, efficiently operated judicial system." ' *Id.* at 175 (quoting *Espinosa v. Norfolk & Western Ry. Co.*, 86 Ill. 2d 111, 123 (1981))." *Shaw v. Haas*, 2019 IL App (5th) 180588, ¶¶ 15-19.

¶ 12 Here, as in *Shaw*, the circuit court abused its discretion by denying Dr. Nicol's motion to transfer on the basis of *forum non conveniens* because, "although we acknowledge [the plaintiffs'] right to choose the forum, a balance of the relevant factors strongly favors a transfer to [Clinton] County (see *Gridley*, 217 Ill. 2d at 169) and the record shows that a trial in [Clinton] County would better serve the ends of justice, as well as the convenience of the parties (see *Dawdy*, 207 Ill. 2d at 177)." *Shaw*, 2019 IL App (5th) 180588, ¶ 20. Beginning with the private interest factors, and specifically the relative ease of access to sources of evidence, the alleged medical malpractice occurred at St. Joseph's Hospital in Clinton County. The ambulance service that transported Michael to the hospital is also in Clinton County, as well as Michael's primary physician, who Michael visited earlier the day of the alleged malpractice. The record contains the name of another primary care physician in Clinton County, and other employees of St. Joseph's with relevant knowledge as well. As such, all medical personnel and records surrounding the plaintiffs' allegations of medical malpractice are in Clinton County.

¶ 13 We recognize that the plaintiffs' counsel's affidavit in opposition to the motion to transfer sets forth that the medical professionals providing rehabilitation services to Michael following his stroke are in St. Clair County, as well as 25 "lay witnesses who would have relevant information about [the] plaintiff's condition both before and after the stroke." The supreme court has cautioned us, however, not to give undue weight to the fact that treating doctors have an office in the plaintiffs' chosen forum. *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 227 (1987). This is

7

because because to do so "would allow a plaintiff to easily frustrate the *forum non conveniens* principle by selecting as a witness a treating physician or expert in what would, in reality, be an inconvenient forum." *Id.* We find the same treatment should be afforded the plaintiffs' counsel's list of 25 lay witnesses who are acquainted with Michael, especially where counsel does not provide an explanation of why there are not lay witnesses in Clinton County, the county of the plaintiffs' residence, who could provide identical testimony. Accordingly, despite the plaintiffs' counsel's efforts to point to evidence that may be located in St. Clair County, we find that the factor of relative ease of access to sources of evidence favors transfer.

¶ 14    Regarding the convenience of the parties, the plaintiffs reside in Clinton County. A trial in Clinton County would be convenient for them, although the defendants may not prevail by arguing that St. Clair County is inconvenient for them. *Shaw*, 2019 IL App (5th) 180588, ¶ 26. The defendants all either reside or work in Clinton County. While we recognize that St. Clair County is adjacent to Clinton County, the supreme court has rejected the contention that a trial in an adjacent county is unquestionably convenient for a defendant. *Id.* (citing *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 180 (2003)). We find that the private interest factors of convenience to the parties and ease of access to sources of evidence both weigh in favor of Clinton County because the plaintiffs sustained their injuries there and the witnesses are on the whole closer to Clinton County. See *id.*

¶ 15    "The next private interest factor is the possibility of viewing the premises, if appropriate." *Id.* ¶ 27. While we recognize a viewing of the premises is unlikely in a medical malpractice case, if the circuit court were to decide that such a viewing would be appropriate, that would occur at St. Joseph's in Clinton County. Although Clinton County is adjacent to St. Clair County, "it would not be rational for a jury of St. Clair County residents to travel to [Clinton] County to view the ***

8

site." *Id.* (citing *Dawdy*, 207 Ill. 2d at 179). "Moreover, viewing the premises would arguably be more expeditious if the trial were in [Clinton] County." *Id.* Accordingly, although relatively insignificant, this private interest factor also weighs in favor of Clinton County over St. Clair County. Neither party points to any other practical considerations that make a trial easy, expeditious, and inexpensive. Viewing the private interest factors as a whole, we find that such factors favor Clinton County over St. Clair County.

¶ 16    Turning to the public interest factors, which include court congestion and judicial administration, imposing jury duty on residents of a community that is not related to the litigation, and the local interest in local controversies, we find that such factors strongly support Clinton County as the appropriate forum to try this case. See *id.* ¶ 29 (citing *Dawdy*, 207 Ill. 2d at 180). In *Shaw* we recognized that, while court congestion in and of itself is relatively insignificant if no other relevant factors are in favor of transfer, it is nevertheless appropriate to consider it in the plaintiffs' chosen forum. *Id.* (citing *Dawdy*, 207 Ill. 2d at 181). Here, like in *Shaw*, there *are* other factors that favor transfer, and accordingly, court congestion is not insignificant. See *id.* The Illinois Courts Statistical Summary 2016, which is part of the record and detailed in relevant part above, illustrates that the public interest factor of docket congestion strongly favors a trial in Clinton County.

¶ 17    Another public interest factor is the local interest in local controversies. See *id.* ¶ 32. The plaintiffs contend that St. Clair County has an interest in this controversy because St. Joseph's has a registered agent in St. Clair County and Infinity does business in St. Clair County. We disagree. Although these defendants have business ties to St. Clair County that are sufficient to establish venue there, any business transactions that are unrelated to the instant case are insignificant for purposes of *forum non conveniens*. See *id.* In contrast, the plaintiffs reside in Clinton County and

9

the alleged medical malpractice and circumstances related thereto occurred in Clinton County. As such, this is a controversy local to Clinton County that would be of interest to the citizens of Clinton County who rely on the defendants for their medical treatment. See *Gundlach v. Lind*, 353 Ill. App. 3d 677, 683 (2004).

¶ 18    Based on the foregoing, it would not be unfair to burden the citizens of Clinton County with jury duty in this case. See *Shaw*, 2019 IL App (5th) 180588, ¶ 33. In contrast, St. Clair County residents should not be burdened with jury duty when the action neither arose there nor has any relation to that county. See *id.* (citing *Dawdy*, 207 Ill. 2d at 183). Accordingly, the public interest factors strongly favor transfer.

¶ 19    Finally, we acknowledge that the plaintiffs' choice of forum is entitled to some deference. *Id.* ¶ 34. However, they are foreign to their chosen forum because they reside in Clinton County and the action giving rise to this litigation did not occur in their chosen forum, but in Clinton County. Accordingly, their choice of forum is accorded less deference. *Id.* (citing *Fennell*, 2012 IL 113812, ¶ 18). Here, where the balance of the private and public interest factors strongly favors dismissal, it is an abuse of discretion to allow deference to the plaintiffs' choice to outweigh all other considerations. See *id.*

¶ 20                                  CONCLUSION

¶ 21    For the foregoing reasons, we reverse the May 7, 2019, order of the circuit court of St. Clair County and remand with directions that the circuit court grant Dr. Nicol's motion and transfer this cause to Clinton County.


¶ 22    Reversed and remanded with directions.

2020 IL App (5th) 190225
NO. 5-19-0225
IN THE
APPELLATE COURT OF ILLINOIS
FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MICHAEL KUHN and JUDY KUHN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellees, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 18-L-379 |
| | ) | |
| RICHARD E. NICOL, M.D.; ROBERT J. | ) | |
| MARSHALL, M.D.; INFINITY-MEDS, LLP; and | ) | |
| ST. JOSEPH'S HOSPITAL, BREESE, OF THE | ) | |
| HOSPITAL SISTERS OF THE THIRD ORDER OF | ) | |
| ST. FRANCIS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Heinz M. Rudolf, |
| (Richard E. Nicol, M.D., Defendant-Appellant). | ) | Judge, presiding. |

_____

**Rule 23 Order Filed:**     April 27, 2020
**Motion to Publish Granted:**     June 4, 2020
**Opinion Filed:**     June 4, 2020

_____

**Justices:**     Honorable James R. Moore, J.

                 Honorable David K. Overstreet, J., and
                 Honorable Mark M. Boie, J.
                 Concur

_____

**Attorneys**
**for**
**Appellant**
Craig L. Unrath, Heyl, Royster, Voelker & Allen, P.C., 300 Hamilton Blvd., P.O. Box 6199, Peoria, IL 61601-6199; Richard K. Hunsaker, Martha E. Ravenhill, Heyl, Royster, Voelker, & Allen, P.C., 701 Market Street, Suite 1505, St. Louis, MO 63101 (for Richard E. Nicol, M.D.)

Michael J. Nester, Chi-yong Throckmartin, Jason M. Gourley, Donovan Rose Nester, P.C., 15 North 1st Street, Suite A, Belleville, IL 62220 (for St. Joseph's Hospital, Breese, of the Hospital Sisters of the Third Order of St. Francis)

William P. Hardy, Hinshaw & Culbertson, LLP, 400 South Ninth Street, Suite 200, Springfield, IL 62701-1908; Madelyn J. Lamb, Hinshaw & Culbertson, LLP, 521 W. Main Street, Suite 300, Belleville, IL 62222 (for Infinity-Meds, LLP)

**Attorneys for Appellee**   Thomas Q. Keefe, Jr., Kelly T. Crosby, Keefe, Keefe & Unsell, P.C., 6 Executive Woods Court, Belleville, IL 62226