# Illinois Official Reports

## Appellate Court

---

### *Wylie v. Schaefer*, 2021 IL App (5th) 200425

---

| | |
|---|---|
| Appellate Court Caption | CAROLINE WYLIE, as Special Administrator of the Estate of Michael Kapp, Deceased, Plaintiff-Appellee, v. ROBERT SCHAEFER, M.D.; MALLORY RINDERER; and HSHS MEDICAL GROUP, INC., a Not-for-Profit Corporation, Defendants-Appellants. |
| District & No. | Fifth District<br>No. 5-20-0425 |
| Filed<br>Modified upon<br>denial of rehearing | July 27, 2021<br><br>September 7, 2021 |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No. 20-L-334; the Hon. William D. Stiehl, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Kenneth M. Burke and Kara M. Burke, of Brown & James, P.C., of Belleville, for appellant Robert Schaefer.<br><br>Stephen R. Kaufmann, Christian R. Willenborg, Christin E. Doyle, and Michael P. Murphy, of HeplerBroom, LLC, of Springfield, for other appellants.<br><br>Thomas Q. Keefe III, of Keefe, Keefe & Unsell, P.C., of Belleville, for appellee. |

JUSTICE MOORE delivered the judgment of the court, with opinion. Presiding Justice Boie and Justice Vaughan concurred in the judgment and opinion.

## OPINION

¶ 1 The defendants—Robert Schaefer, M.D., Mallory Rinderer, and HSHS Medical Group, Inc., a not-for-profit corporation—appeal the December 4, 2020, order of the circuit court of St. Clair County, which denied their motion to transfer the medical malpractice complaint of the plaintiff, Caroline Wylie, as special administrator of the estate of Michael Kapp, deceased, to Madison County, pursuant to the doctrine of *forum non conveniens*. For the following reasons, we affirm.

¶ 2                                   I. BACKGROUND

¶ 3 On April 17, 2020, the plaintiff, as special administrator of the estate of the decedent, filed a complaint against the defendants in the circuit court of St. Clair County. The complaint alleged that the defendants were liable for the wrongful death of the decedent due to their failure to diagnose and treat the decedent's coronary artery disease, resulting in his death. On August 14, 2020, the defendants—Mallory Rinderer and HSHS Medical Group, Inc.—filed a motion to transfer the case from St. Clair County to Madison County based on the doctrine of *forum non conveniens*, primarily because all the care and treatment of the decedent that is the basis of the plaintiff's complaint was rendered in Madison County.

¶ 4 In support of the motion to transfer, Ms. Rinderer submitted her affidavit, in which she attested as follows. She works for HSHS Medical Group, Inc., in Highland, which is in Madison County. She also resides in Highland. Participating in a trial in St. Clair County would be inconvenient to her, and a trial in Madison County would be more convenient. HSHS Medical Group submitted the affidavit of Laurie Grawe, its office manager for the facility where Ms. Rinderer provided care for the decedent. Ms. Grawe attested that this facility is also in Highland. According to Ms. Grawe's affidavit, a trial in St. Clair County would be inconvenient to HSHS Medical Group, and a trial in Madison County would be more convenient. Ms. Rinderer and HSHS Medical Group also submitted documentation in support of their motion to transfer, showing that the plaintiff, the decedent's parents, and the decedent's three sisters all reside in Madison County.

¶ 5 On August 21, 2020, Dr. Schaefer also filed a motion to transfer the case to Madison County, based on the doctrine of *forum non conveniens*. He attached his affidavit, in which he attested that he only provided care to the decedent at the HSHS Medical Group clinic in Highland. He also attached the plaintiff's initial answers to his interrogatories, in which all witnesses were said to reside in Madison County other than (1) a friend of the decedent said to reside in Manchester, Missouri; (2) a friend of the decedent said to reside in O'Fallon, which is in St. Clair County; and (3) a friend of the decedent said to reside in Pocahontas, which is in Bond County.

¶ 6 Thereafter, Mallory Rinderer and HSHS Medical Group supplemented their motion to transfer with the plaintiff's supplemental answers to their interrogatories. In her supplemental answers, the plaintiff named several family members of the decedent who resided in St. Clair County who the plaintiff submitted would be knowledgeable about the plaintiff's damages.

The plaintiff then filed her response to the defendants' motion to transfer. The plaintiff submitted the affidavits of nine of the listed St. Clair County witnesses, who all averred that it would be inconvenient for them to travel to the Madison County courthouse.

¶ 7      On December 4, 2020, the circuit court entered a detailed written order denying the defendants' motion to transfer. The circuit court began its analysis by noting that, because the plaintiff is not a resident of St. Clair County, her choice of forum is entitled to less deference. The circuit court also noted that it was the defendants' burden to demonstrate that St. Clair County is an inconvenient forum and that Madison County is a more convenient forum. The circuit court then detailed its analysis of all the private and public interest factors.

¶ 8      As to the private interest factors, the circuit court found that the convenience of the parties weighed against transfer because the plaintiff's choice was to travel to St. Clair County. The circuit court then noted that, while Ms. Rinderer lives and works in Highland, her residence is only 14 miles closer to the Madison County Courthouse than the St. Clair County Courthouse. As to Dr. Schaefer, the circuit court found that while his office was closer to the Madison County Courthouse, his residence was closer to St. Clair County.

¶ 9      As to the relative ease of access to sources of testimonial, documentary, and real evidence, the circuit court noted that this factor weighs in favor of transfer, but not strongly. The circuit court found that the medical records pertaining to the defendants' alleged malpractice are present in Madison County, but that these records can presumably be obtained electronically or through the mail. As to the witnesses, the circuit court noted that some were in Madison County, but others were in St. Clair County, Bond County, and Manchester, Missouri. While the circuit court recognized that the plaintiff had filed several affidavits from witnesses located in St. Clair County, the circuit court stated it did not place undue weight on these affidavits because of their timing and the fact that they appear to be witnesses pertaining to damages. The circuit court noted that the HSHS office in Highland is 13 miles closer to the Madison County Courthouse than the St. Clair County Courthouse, a difference that it found was negligible.

¶ 10      As to the possibility of viewing the premises, the circuit court found that the likelihood of a jury view of the Highland HSHS Medical Group clinic where the defendants' alleged failure to diagnose and treat the decedent occurred is so small as to be insignificant, and thus did not favor transfer. Finally, the circuit court found that the parties had produced no evidence that would favor the transfer to Madison County based on "any other factors that make a trial easy, expeditious and inexpensive." The circuit court concluded that, overall, the private interest factors do not strongly favor transfer of venue to Madison County.

¶ 11      Regarding the public interest factors, the circuit court first noted that the parties had not submitted evidence pertaining to docket congestion or the average length of time from filing to trial of a case in either county. Thus, the court found that this factor did not strongly favor transfer. As to the local interest in local controversies and the burden of imposing jury duty on residents, the circuit court noted that Madison County has a stronger interest in the case due to the alleged malpractice having occurred at HSHS Medical Group's clinic in Highland. However, the circuit court noted that Dr. Schaefer is a resident of St. Clair County and that HSHS has numerous medical facilities and offices in St. Clair County. Thus, St. Clair County has an interest as well. Accordingly, the circuit court found that the public interest factors do not strongly favor transfer to Madison County. Thus, the circuit court denied the defendants' motion to transfer.

¶ 12    On December 23, 2020, Ms. Rinderer and HSHS Medical Group filed a petition for leave to appeal from the circuit court's order denying their motion to transfer, pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020). On December 31, 2020, Dr. Schaefer filed a motion to join in the petition for leave to appeal, which this court allowed. On February 2, 2021, this court allowed the petition. On July 27, 2021, this court filed its initial opinion affirming the circuit court's order. On August 16, 2021, the defendants filed a petition for rehearing. After full consideration of the defendants' petition for rehearing, we issue this modified opinion upon denial of rehearing.

¶ 13                                    II. ANALYSIS

¶ 14    This court has repeatedly set forth the relevant standards for our review of an order regarding a motion to transfer a cause based on the doctrine of *forum non conveniens*, as follows:

> " ' "A trial court's decision on a *forum non conveniens* motion will be reversed only if it can be shown that the trial court abused its discretion in balancing the various factors at issue." *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005). A circuit court abuses its discretion where no reasonable person would take its adopted view. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177 (2003).
>
> "*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006). The doctrine permits the circuit court to decline jurisdiction over a case when trial in another forum would better serve the ends of justice. *Id.* If jurisdiction is so declined, the case must be dismissed because the circuit court lacks the authority to transfer it. *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 13. "The dismissal is conditioned on the plaintiff timely filing the action in the other forum; and the defendant accepting service of process from that court, and waiving any available statute of limitations defense." *Id.*; see also Ill. S. Ct. R. 187(c)(2) (eff. Jan. 4, 2013). "Each *forum non conveniens* case must be considered as unique on its facts.' *Langenhorst*, 219 Ill. 2d at 443. 'Every request for transfer based upon *forum non conveniens* must be decided pursuant to an 'individualized, case-by-case consideration of convenience and fairness.' " *Gridley*, 217 Ill. 2d at 168 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).
>
> In determining whether to grant or deny a motion to dismiss on the basis of *forum non conveniens*, the circuit court must balance private interest factors affecting the litigants and public interest factors affecting the administration of the courts. *Dawdy*, 207 Ill. 2d at 172. The private interest factors include the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive. *Id.* The public interest factors include the interest in having local controversies decided locally, the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin, and the unfairness of imposing jury duty upon residents of a county with no connection to the litigation. *Id.* at 173.

- 4 -

The defendant has the burden of showing that the balance of the relevant public and private interest factors strongly favors a dismissal and transfer (*id.*), and the circuit court must evaluate the totality of the circumstances when determining whether that burden has been met (*Fennell*, 2012 IL 113812, ¶ 17). The relevant factors are not weighed against each other, and no single factor should be emphasized. *Langenhorst*, 219 Ill. 2d at 443-44.

"An additional consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum." *Dawdy*, 207 Ill. 2d at 173. It is generally assumed that the plaintiff's choice of forum is convenient, and unless the balance of the relevant factors strongly favor a dismissal, the plaintiff's choice should rarely be disturbed. *Id.* "However, when the plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's choice of forum is accorded less deference." *Fennell*, 2012 IL 113812, ¶ 18. Moreover, when the plaintiff is foreign to the chosen forum and the action that gives rise to the litigation did not occur in the chosen forum, "it is reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, a strategy contrary to the purposes behind the venue rules." (Internal quotation marks omitted.) *Dawdy*, 207 Ill. 2d at 174. "A plaintiff's right to choose a forum 'cannot be permitted to override the public interest in, and need for, an orderly, efficiently operated judicial system.' " *Id.* at 175 (quoting *Espinosa v. Norfolk & Western Ry. Co.*, 86 Ill. 2d 111, 123 (1981)).' " *Kuhn v. Nicol*, 2020 IL App (5th) 190225, ¶ 11 (quoting *Shaw v. Haas*, 2019 IL App (5th) 180588, ¶¶ 15-19).

¶ 15    Here, we agree with the circuit court that the plaintiff's choice of forum, although foreign to her, is entitled to some deference. See *Evans v. Patel*, 2020 IL App (1st) 200528, ¶ 37. However, we disagree with the circuit court that the private interest factors do not strongly favor transfer. In this case, as in *Kuhn*, all the alleged malpractice occurred in the county of proposed transfer, which is Madison County. See *Kuhn*, 2020 IL App (5th) 190225, ¶ 12. As such, all medical personnel and records surrounding the plaintiff's allegations of medical malpractice are in Madison County. See *id.* In addition, the decedent, the plaintiff, and all the next of kin identified by the plaintiff reside in Madison County. While the plaintiff has identified several potential lay witnesses who are acquainted with the decedent and the plaintiff and reside in St. Clair County, we give very little weight to the location of these individuals, as the plaintiff does not explain why there are not lay witnesses in Madison County where the decedent, the plaintiff, and the next of kin reside. See *id.* ¶ 13. "Accordingly, despite the plaintiff's counsel's efforts to point to evidence that may be located in St. Clair County, we find that the factor of relative ease of access to sources of evidence favors transfer." *Id.*

¶ 16    The remaining private interest factors mirror those in *Kuhn* as well. Regarding the convenience of the parties, the plaintiff resides in Madison County. A trial in Madison County would be convenient for her, although the defendants may not prevail by arguing that St. Clair County is inconvenient for her. See *id.* ¶ 14. The defendants all either reside or work in Madison County. While Dr. Schaefer resides in St. Clair County, it is significant that his personal residence is in no way connected to the medical negligence alleged in the plaintiff's complaint. See *Brandt v. Shekar*, 2020 IL App (5th) 190137, ¶ 33. In addition, while we recognize that St. Clair County is adjacent to Madison County, the supreme court has rejected the contention that a trial in an adjacent county is unquestionably convenient for a defendant.

*Kuhn*, 2020 IL App (5th) 190225, ¶ 14 (citing *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 180 (2003)). Thus, after placing less weight on the location of Dr. Schaefer's personal residence and the proximity of the counties, we find that the convenience of the parties weighs in favor of Madison County.

¶ 17 Regarding the possibility of viewing the premises, we agree with the circuit court that a viewing of the premises is unlikely in a medical malpractice case. However, if the circuit court were to decide that such a viewing would be appropriate, that would occur in Madison County, where the HSHS Medical Group offices where the alleged malpractice occurred are located. See *id.* ¶ 15. Although Madison County is adjacent to St. Clair County, it would not be rational for a jury of St. Clair County residents to travel to Madison County. See *Dawdy*, 207 Ill. 2d at 179. Accordingly, although relatively insignificant, this private interest factor also weighs in favor of Madison County over St. Clair County. As the circuit court noted, neither party points to any other practical considerations that make a trial easy, expeditious, and inexpensive. Nevertheless, viewing the private interest factors as a whole, we find that such factors strongly favor Madison County over St. Clair County.

¶ 18 Turning to the public interest factors—which include court congestion and judicial administration, imposing jury duty on residents of a community that is not related to the litigation, and local interest in local controversies—we cannot say the circuit court abused its discretion in finding that such factors do not strongly favor Madison County. First, the defendants introduced no evidence regarding the relative court congestion of Madison County and St. Clair County. *Cf. Kuhn*, 2020 IL App (5th) 190225, ¶ 16. As to the local interest in local controversies, this is not a case where the only ties between the litigation and the plaintiff's chosen venue are the business interests of the defendants. *Cf. id.* ¶ 17 (the defendants had a registered agent and business interests in the chosen venue); *cf.* also *Brandt*, 2020 IL App (5th) 190137, ¶ 11 (it was undisputed that none of the defendants rendered treatment to citizens in the chosen county).

¶ 19 While Madison County undoubtedly has a strong interest in this litigation, the defendants do not challenge the circuit court's finding that HSHS Medical Group provides medical services to the citizens of St. Clair County as well.[1] *Evans*, 2020 IL App (1st) 200528, ¶ 15. Accordingly, a reasonable circuit judge could find that St. Clair County also has an interest in the subject of this litigation and that it would not be unfair to burden the citizens of either county with jury duty in this case. *Id.*; *cf. Kuhn*, 2020 IL App (5th) 190225, ¶¶ 17-18. Whether this court would reach the same conclusion as did the circuit court is not the issue because we must give the circuit court the appropriate amount of deference. See *Evans*, 2020 IL App (1st) 200528, ¶ 29 (the abuse of discretion standard of review is most deferential).

¶ 20 Based on the foregoing, we find that while the circuit court's analysis of the private interest factors may have been in error, it was correct to give some deference to the plaintiff's choice of forum, and its analysis of the public interest factors was not unreasonable. Thus, while this court may have reached a different conclusion on these facts, this court's role is limited to

---

[1]We note that there is no affidavit or other evidence in the record on appeal to show that HSHS provides medical treatment in St. Clair County. However, the defendants conceded that this is the case at oral argument on appeal and raised its absence from the record for the first time at oral argument. Accordingly, we find that the defendants have forfeited the issue of the absence of such evidence in the record. See Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020).

determining whether the circuit court abused its discretion when it denied the motion to transfer. *Id.* ¶ 60. Here, we cannot conclude that the circuit court's finding that the defendants failed to meet their burden to establish that the balance of the public and private interest factors "strongly favor" disturbing the plaintiff's choice was so unreasonable that no court would take the same position. Accordingly, the circuit court's decision to deny the defendants' motion to transfer the cause to Madison County was not an abuse of discretion.

¶ 21　　In their petition for rehearing, the defendants argue that, in affirming the circuit court's decision in this case, this court overlooked our recent decision in *Shaw*, 2019 IL App (5th) 180588. We find the case at bar to be distinguishable from *Shaw*. In *Shaw*, the plaintiff was injured when an employee of a grocery store lost control of a line of shopping carts he was pushing, causing them to collide with the plaintiff. *Id.* ¶ 3. The plaintiff filed suit against the corporation owning the grocery store, as well as the employee, in a county where the corporation owned other grocery stores as well, rather than in the forum where the incident occurred. *Id.* ¶¶ 4-6. The plaintiff alleged that the store was vicariously liable for the injuries of the plaintiff and that it was directly negligent for negligent hiring, training, supervision, and retention of the employee. *Id.* This court found that it was an abuse of discretion for the circuit court to deny the defendants' motion to transfer the plaintiff's lawsuit to the county where the injury occurred. See *id.* ¶ 35. When evaluating the public interest factors, this court found that the fact that the defendants operated two grocery stores in the plaintiff's chosen forum was insignificant because any business transactions taking place at those locations were unrelated to the allegations in the case and thus insignificant for purposes of *forum non conveniens*. *Id.* ¶ 32. In making this finding, this court pointed to evidence in the record that the training, hiring, and firing of employees was conducted by the corporation on an individual store basis. *Id.*

¶ 22　　The *Shaw* court was faced with a situation where the plaintiff's injury did not arise from the goods provided by the grocery store to the citizens of the forum county, and thus we found that it was unreasonable to conclude that the citizens of the forum county had an interest in the litigation and that it would be fair to impose jury duty on those citizens. *Id.* In contrast, the plaintiff's cause of action in the case at bar is based on medical malpractice arising from the defendants' treatment of the decedent and thus is directly related to the professional services that HSHS provides to the citizens of St. Clair County. A reasonable circuit judge could conclude that the citizens of St. Clair County would have more of an interest in this litigation than did the citizens of the forum county in *Shaw*, where the litigation was based on an injury that was incidental to the goods and services provided by the grocery store in the forum county. Similarly, a reasonable circuit judge could conclude that it would be more fair to impose jury duty on the citizens of a county where the defendants are providing medical care to those citizens as well. Again, the role of this court is to determine what is within the bounds of reason, and not to conduct a *de novo* review of the circuit court's analysis of the factors.

¶ 23　　　　　　　　　　　　　　　III. CONCLUSION

¶ 24　　For the foregoing reasons, we affirm the December 4, 2020, order of the circuit court of St. Clair County, which denied the defendants' motion to transfer this cause to Madison County pursuant to the doctrine of *forum non conveniens*.

¶ 25　　Affirmed.