# Illinois Official Reports

## Appellate Court

---

**Evans v. St. Joseph's Hospital, 2020 IL App (5th) 190414**

---

| | |
|---|---|
| Appellate Court Caption | PAULETTE EVANS, as Special Administrator of the Estate of Darrell Evans, Deceased, Plaintiff-Appellee, v. ST. JOSEPH'S HOSPITAL, BREESE, OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS; UROLOGY CONSULTANTS, LTD., a Corporation; JEFFREY A. PARRES, M.D.; DUGAN RADIOLOGY ASSOCIATES, LTD., a Corporation; and THOMAS B. DOYLE, M.D., Defendants (St. Joseph's Hospital, Breese, of the Hospital Sisters of the Third Order of St. Francis; Dugan Radiology Associates, Ltd.; and Thomas B. Doyle, M.D., Defendants- Appellants). |
| District & No. | Fifth District<br>Nos. 5-19-0414, 5-19-0465 cons. |
| Rule 23 order filed<br>Motion to<br>publish allowed<br>Opinion filed | April 28, 2020<br><br>May 18, 2020<br>May 18, 2020 |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No. 17-L-694; the Hon. Heinz M. Rudolf, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael E. Donelson, of Fox Smith, LLC, of St. Louis, Missouri, for appellants Dugan Radiology Associates, Ltd., and Thomas B. Doyle. |

Michael J. Nester, Chi-Yong Throckmartin, and Jason M. Gourley, of Donovan Rose Nester, P.C., of Belleville, for other appellant.

Thomas Q. Keefe Jr. and Kelly T. Crosby, of Keefe, Keefe & Unsell, P.C., of Belleville, for appellee.

Panel    JUSTICE MOORE delivered the judgment of the court, with opinion. Justices Overstreet and Boie concurred in the judgment and opinion.

**OPINION**

¶ 1    In this consolidated appeal, the defendants—St. Joseph's Hospital, Breese, of the Hospital Sisters of the Third Order of St. Francis (St. Joseph's), Dugan Radiology Associates, Ltd. (Dugan), and Thomas B. Doyle, M.D. (Dr. Doyle)—appeal the September 3, 2019, and October 9, 2019, orders of the circuit court of St. Clair County, which denied their motions to transfer this cause to Clinton County on the basis of *forum non conveniens*. For the following reasons, we affirm.

¶ 2                                    FACTS
¶ 3    On December 4, 2018, the plaintiff, Paulette Evans, as special administrator of the estate of Darrell Evans, deceased, filed a first amended complaint in the circuit court of St. Clair County, alleging a cause of action for medical malpractice against St. Joseph's, Dugan, and Dr. Doyle, as well as Urology Consultants, Ltd. (Urology Consultants), and Jeffrey A. Parres, M.D. The complaint alleges that the defendants negligently failed to timely diagnose the decedent's recurrent kidney cancer, contributing to the cause of his death. Specifically, the plaintiff's complaint alleges that the defendants were negligent in failing to read, interpret, report, and communicate the results of a February 2, 2016, MRI that was critical to the decedent's diagnosis. St. Joseph's filed a motion to transfer venue to Clinton County on the grounds of *forum non conveniens*.

¶ 4    According to St. Joseph's motion to transfer, the plaintiff is a resident of Clinton County, the alleged medical malpractice occurred in Clinton County, and all pertinent records regarding the events surrounding the plaintiff's allegations of medical malpractice are in Clinton County. St. Joseph's argued that because the parties reside and/or work outside of St. Clair County and the plaintiff's cause of action has no connection to St. Clair County, the relevant private and public interest factors strongly favor transfer to Clinton County. In support of its motion, St. Joseph's attached several documents. First, records from the Illinois Department of Financial and Professional Regulation indicate that Dr. Doyle works in Clinton County and Dr. Jeffrey Parres works in Madison County. Second, the affidavit of St. Joseph's vice president and general counsel attests that St. Joseph's is a not-for-profit corporation with its exclusive place of business in Clinton County.

¶ 5        Third, the affidavit of St. Joseph's radiology director states that employees of St. Joseph's report for duty in Breese and that medical records, department records, and imaging studies concerning medical treatment rendered at St. Joseph's are maintained at that location. The affidavit identifies four individuals, in addition to the director himself, who were involved in registering the decedent for treatment and obtaining the MRI report at issue and states that all these individuals reside in Clinton County. The affidavit sets forth with particularity the difficulties in the operations of the radiology department at St. Joseph's that would arise if these employees are required to travel to the St. Clair County courthouse, as opposed to the Clinton County courthouse.

¶ 6        Finally, St. Joseph's attached the "Annual Report of the Illinois Courts Statistical Summary—2016," which indicates that in calendar year 2016, 100 civil cases were filed in Clinton County, one of which was terminated by verdict. As of 2016, the average time between the filing of a civil case and a verdict in Clinton County was 60.2 months. In contrast, 2925 cases were filed in St. Clair County, 12 of which were terminated by verdict. As of 2016, the average time between the filing of a civil case and a verdict in St. Clair County was 66.9 months.

¶ 7        On June 10, 2019, the plaintiff filed a response to St. Joseph's motion to transfer. In her response, the plaintiff focused on Urology Consultants, a Missouri corporation with its principal location in St. Louis. The plaintiff explained that Urology Consultants and its employee, Dr. Parres, who also resides in St. Louis, practices medicine in St. Clair County and Madison County. In addition, the plaintiff pointed out that Dr. Doyle resides in St. Louis. According to the plaintiff, the Clinton County courthouse is twice as far from St. Louis as the St. Clair County courthouse. Finally, the plaintiff argued that she had many damage witnesses in St. Clair County, including the decedent's family, coworkers, and friends. In support of the response, the plaintiff attached the affidavit of her counsel, who averred to the foregoing facts.

¶ 8        On July 31, 2019, the circuit court held a hearing on St. Joseph's motion to transfer. On August 7, 2019, Dugan and Dr. Doyle filed a motion to join in St. Joseph's motion to transfer. On August 29, 2019, the plaintiff filed a supplemental exhibit in response to the motions to transfer. According to the supplemental exhibit, the plaintiff had deposed two additional occurrence witnesses. These two witnesses are employees of Urology Consultants and work in Maryville. Maryville is located in Madison County, 37 miles closer to St. Clair County than Clinton County.

¶ 9        On September 3, 2019, the circuit court entered an order denying St. Joseph's motion to transfer. On October 1, 2019, St. Joseph's filed a petition for leave to appeal, pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2019). On October 9, 2019, the circuit court entered an order denying the motion to transfer that was filed by Dugan and Dr. Doyle. On October 28, 2019, this court allowed St. Joseph's petition for leave to appeal. On November 7, 2019, Dugan and Doyle filed a petition for leave to appeal pursuant to Rule 306(a)(2). On January 3, 2020, this court allowed Dugan and Doyle's petition and entered an order consolidating the appeals.

¶ 10                                    ANALYSIS

¶ 11       This court recently set forth, in detail, the standards to be employed by the circuit court and by this court on review when the issue is whether to transfer a cause based on the doctrine of *forum non conveniens* set forth in Illinois Supreme Court Rule 187(c)(2) (eff. Jan. 4, 2013):

" 'A trial court's decision on a *forum non conveniens* motion will be reversed only if it can be shown that the trial court abused its discretion in balancing the various factors at issue.' *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005). A circuit court abuses its discretion where no reasonable person would take its adopted view. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177 (2003).

'*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice.' *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006). The doctrine permits the circuit court to decline jurisdiction over a case when trial in another forum would better serve the ends of justice. *Id.* If jurisdiction is so declined, the case must be dismissed because the circuit court lacks the authority to transfer it. *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 13. 'The dismissal is conditioned on the plaintiff timely filing the action in the other forum; and the defendant accepting service of process from that court, and waiving any available statute of limitations defense.' *Id.*; see also Ill. S. Ct. R. 187(c)(2) (eff. Jan. 4, 2013). 'Each *forum non conveniens* case must be considered as unique on its facts.' *Langenhorst*, 219 Ill. 2d at 443. 'Every request for transfer based upon *forum non conveniens* must be decided pursuant to an "individualized, case-by-case consideration of convenience and fairness." ' *Gridley*, 217 Ill. 2d at 168 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

In determining whether to grant or deny a motion to dismiss on the basis of *forum non conveniens*, the circuit court must balance private interest factors affecting the litigants and public interest factors affecting the administration of the courts. *Dawdy*, 207 Ill. 2d at 172. The private interest factors include the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive. *Id.* The public interest factors include the interest in having local controversies decided locally, the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin, and the unfairness of imposing jury duty upon residents of a county with no connection to the litigation. *Id.* at 173.

The defendant has the burden of showing that the balance of the relevant public and private interest factors strongly favors a dismissal and transfer (*id.*), and the circuit court must evaluate the totality of the circumstances when determining whether that burden has been met (*Fennell*, 2012 IL 113812, ¶ 17). The relevant factors are not weighed against each other, and no single factor should be emphasized. *Langenhorst*, 219 Ill. 2d at 443-44.

'An additional consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum.' *Dawdy*, 207 Ill. 2d at 173. It is generally assumed that the plaintiff's choice of forum is convenient, and unless the balance of the relevant factors strongly favor a dismissal, the plaintiff's choice should rarely be disturbed. *Id.* 'However, when the plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's choice of forum is accorded less deference.' *Fennell*, 2012 IL 113812, ¶ 18. Moreover, when the

- 4 -

plaintiff is foreign to the chosen forum and the action that gives rise to the litigation did not occur in the chosen forum, 'it is reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, a strategy contrary to the purposes behind the venue rules.' (Internal quotation marks omitted.) *Dawdy*, 207 Ill. 2d at 174. 'A plaintiff's right to choose a forum "cannot be permitted to override the public interest in, and need for, an orderly, efficiently operated judicial system." ' *Id.* at 175 (quoting *Espinosa v. Norfolk & Western Ry. Co.*, 86 Ill. 2d 111, 123 (1981))." *Shaw v. Haas*, 2019 IL App (5th) 180588, ¶¶ 15-19.

¶ 12    Here, unlike in *Shaw*, the circuit court did not abuse its discretion by denying the motions to transfer on the basis of *forum non conveniens* because, considering some deference is given to the plaintiff's choice of forum, a balance of the relevant factors does not *strongly* favor transfer to Clinton County. See *Gridley*, 217 Ill. 2d at 169. Accordingly, the record does not reflect that a trial in Clinton County would better serve the ends of justice, as well as the convenience of the parties. See *Dawdy*, 207 Ill. 2d at 177. Beginning with the private interest factors, and specifically the relative ease of access to sources of evidence, the alleged medical malpractice occurred among and between St. Joseph's in Clinton County and Urology Consultants in St. Louis, Missouri. Accordingly, some, but not all, of the evidence of the alleged malpractice is in Clinton County. Rather, some of the evidence of the alleged malpractice is in St. Louis, Missouri, which is half the distance to St. Clair County as it is to Clinton County. This is the same for the occurrence witnesses, who are scattered among Clinton County, Madison County, and St. Louis, Missouri. Finally, the decedent's treating providers are largely located in St. Louis. Again, St. Louis, Missouri, and Madison County are closer to St. Clair County than to Clinton County. The analysis is similar regarding the convenience of the parties, as Urology Consultants and Dr. Parres are in St. Louis and have not filed a motion to transfer or averred that a trial in St. Clair County would be inconvenient to them.

¶ 13    "The next private interest factor is the possibility of viewing the premises, if appropriate." *Shaw*, 2019 IL App (5th) 180588, ¶ 27. While we recognize a viewing of the premises is unlikely in a medical malpractice case, if the circuit court were to decide that such a viewing would be appropriate, that viewing may need to occur at St. Joseph's in Clinton County or Urology Consultants in St. Louis, which is much closer to St. Clair County. Accordingly, although relatively insignificant, this private interest factor does not weigh in favor of Clinton County over St. Clair County. Neither party points to any other practical considerations that make a trial easy, expeditious, and inexpensive. Viewing the private interest factors as a whole, we cannot say they strongly favor Clinton County over St. Clair County.

¶ 14    Turning to the public interest factors—which include court congestion and judicial administration, imposing jury duty on residents of a community that is not related to the litigation, and the local interest in local controversies—we do not find that such factors strongly support Clinton County. See *id.* ¶ 29 (citing *Dawdy*, 207 Ill. 2d at 180-81). In *Shaw* we recognized that, while court congestion in and of itself is relatively insignificant if no other relevant factors are in favor of transfer, it is nevertheless appropriate to consider it in the plaintiff's chosen forum. *Id.* (citing *Dawdy*, 207 Ill. 2d at 181). Here, unlike in *Shaw*, the other factors do not strongly favor transfer, and accordingly, court congestion is not significant.

¶ 15    Another public interest factor is the local interest in local controversies. See *id.* ¶ 32. We recognize the plaintiff resides in Clinton County and part of the alleged medical malpractice

and circumstances related thereto occurred in Clinton County. As such, this is a controversy local to Clinton County that would be of interest to the citizens of Clinton County who rely on the defendants for their medical treatment. See *Gundlach v. Lind*, 353 Ill. App. 3d 677, 683 (2004). However, some of the alleged malpractice is alleged to have occurred on the part of Urology Consultants, an entity that provides medical care to residents of St. Clair County. As such, the controversy is not entirely foreign to St. Clair County. By the same token, while it would not be unfair to burden the citizens of Clinton County with jury duty in this case (see *Shaw*, 2019 IL App (5th) 180588, ¶ 33), neither would it be an unfair burden to the citizens of St. Clair County, due to the medical care that Urology Consultants provides to St. Clair County residents. See *Foster v. Hillsboro Area Hospital, Inc.*, 2016 IL App (5th) 150055, ¶ 55. Accordingly, the public interest factors do not strongly favor transfer. Because neither the public interest factors nor the private interest factors strongly favor transfer, we cannot say the circuit court abused its discretion in denying the motions to transfer.

¶ 16                                    CONCLUSION

¶ 17       For the foregoing reasons, we affirm the orders of the circuit court of St. Clair County that denied the motions to transfer this action to Clinton County.

¶ 18       Affirmed.