NOTICE
Decision filed 09/09/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 210040-U

NO. 5-21-0040

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| AMY GIACOMO and NICHOLAS GIACOMO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 19-L-906 |
| | ) | |
| DEBRA CARSON, M.D., and HEARTLAND WOMEN'S | ) | |
| HEALTHCARE, LTD., | ) | Honorable |
| | ) | Heinz M. Rudolf, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not abuse its discretion in transferring the plaintiffs' medical malpractice case to the county in which the medical malpractice occurred, based on the doctrine of *forum non conveniens*, because a reasonable trial judge could find that the relevant private and public interest factors strongly favored transfer.

¶ 2    The plaintiffs, Amy Giacomo and Nicholas Giacomo, appeal the January 14, 2021, order of the circuit court of St. Clair County that granted the motion of the defendants, Debra Carson, M.D., and Heartland Women's Healthcare, Ltd. (Heartland), to transfer the plaintiffs' medical malpractice complaint to Marion County, based on the doctrine of *forum non conveniens*. For the following reasons, we affirm.

1

¶ 3 BACKGROUND

¶ 4    On December 16, 2019, the plaintiffs, who are Perry County residents, filed a medical malpractice complaint in the circuit court of St. Clair County. According to the complaint, Dr. Carson provided a gynecological exam at Heartland's facility in Perry County, and thereafter recommended a total laparoscopic hysterectomy for Mrs. Giacomo. The complaint further alleges that Dr. Carson attempted to perform this procedure on Mrs. Giacomo at St. Mary's Hospital in Centralia (Marion County). The complaint alleges that Dr. Carson was negligent in attempting the procedure because it was contraindicated due to Mrs. Giacomo's prior gynecological history, and that she performed the procedure negligently, causing damage to Mrs. Giacomo's left ureter, right ureter, vaginal cuff, and rectum, and resulting in a pelvic abscess and the development of sepsis. Mrs. Giacomo requests damages from Dr. Carson, and Heartland on a theory of agency, to compensate her for the injuries and subsequent treatment. Mr. Giacomo seeks damages for loss of consortium.

¶ 5    On March 23, 2020, the defendants filed a motion to dismiss this cause or transfer to Marion County pursuant to the doctrine of *forum non conveniens*. According to the motion, none of the medical malpractice at issue took place in St. Clair County, none of Mrs. Giacomo's subsequent treatment occurred in St. Clair County, and none of Mrs. Giacomo's subsequent treating providers practice medicine or reside in St. Clair County. The motion sought transfer of this cause to Marion County, where the alleged malpractice occurred, and which is closer to Jefferson County, which is where the majority of Mrs. Giacomo's follow-up care occurred.

¶ 6    The defendants attached the affidavit of defense counsel to its motion. Defense counsel presented an overview of pertinent medical records "to avoid filing confidential medical records and for the sole purpose of providing factual information pertinent to the *forum non conveniens*

issue." According to this overview, which contains facts that the plaintiffs do not dispute, Mrs. Giacomo underwent a surgical procedure at St. Mary's Hospital in Centralia (Marion County) on December 19, 2017. Surgery was performed by Dr. Debra Carson and Dr. Elisabeth Beyer-Nolen, both employees of Heartland Women's Healthcare who were working at that location. A complication occurred during the procedure, prompting a request for a consult by Dr. Joe Barrientos. That consult occurred at St. Mary's Hospital on the same date.

¶ 7 Mrs. Giacomo was promptly transferred to Good Samaritan Hospital in Mt. Vernon (Jefferson County) and came under the care of Dr. Jeffrey Larson, who performed a surgical procedure that same date. Mrs. Giacomo was discharged from the hospital but readmitted to Good Samaritan Hospital on December 25, 2017, where another surgery was performed by Dr. Jeffrey Larson and Dr. Tatiana Ramirez. Mrs. Giacomo was readmitted to Good Samaritan Hospital on January 10, 2018, and had follow-up visits there as well. A third surgery was performed at Good Samaritan Hospital by Dr. Larson and Dr. Ramirez on May 11, 2018. Defense counsel also averred in this affidavit that he had not been provided with, or seen, any records indicating that Mrs. Giacomo received medical care in St. Clair County for the conditions giving rise to this litigation.

¶ 8 The defendants filed a page from the "Annual Report of the Illinois Courts: Statistical Summary- 2018" in support of their motion to transfer, as well as an affidavit of defense counsel who obtained the report. According to this information, St. Clair County reported 12 jury verdicts in 2018 with an average time lapse between the date of filing and the date of verdict of 52.7 months. Jefferson County reported three verdicts with an average time lapse between the date of filing and date of verdict of 16.3 months. Marion County reported no jury verdicts.

3

¶ 9    The plaintiffs filed a response to the motion to transfer and attached the affidavit of Dr. Joel Kwan Barrientos, a urologist on the staff at St. Mary's Hospital in Centralia (Marion County), who provided the following testimony. On December 19, 2017, he was contacted by Dr. Carson, who informed him that, during Mrs. Giacomo's laparoscopic hysterectomy, Dr. Carson became concerned that there may have been damage to Mrs. Giacomo's ureter. Dr. Barrientos recommended that she come under the care of Dr. Larson, and she was transferred to Good Samaritan Hospital in Mt. Vernon (Jefferson County). Dr. Barrientos concluded his affidavit by stating that he is on the staff at St. Mary's Hospital in Centralia (Marion County) and resides in Centralia (Marion County). However, if this case were to be tried in St. Clair County, he would, if requested, appear and provide testimony.

¶ 10    The plaintiffs also provided the affidavit of Mrs. Giacomo, who averred that she resides in Perry County and works there. She also works part-time in Nashville (Washington County), and she was first treated by Dr. Carson at Washington County Hospital in Nashville. Nashville is 50 miles from Belleville (St. Clair County). Her husband works in Coulterville (Randolph County), which is 46 miles from Belleville. Mrs. Giacomo stated in her affidavit that Belleville (St. Clair County) is more convenient for her and her husband than Salem (Marion County) because, among other reasons, Belleville and St. Louis are natural destinations for shopping, dining, and other interests and they are frequently traveling in the direction of Belleville, making it more convenient to litigate this case in St. Clair County.

¶ 11    The plaintiffs also attached a printout from Heartland's web site showing that it has locations in St. Clair County, as well as many other counties in southern Illinois. The plaintiffs provided an excerpt of the deposition of Dr. Carson, in which Dr. Carson testified that Dr. Beyer-Nolen resides in Marion (Williamson County) and Dr. Barrientos resides in Centralia (Marion

4

County). Dr. Carson testified that she lives in St. Clair County, and it would not be inconvenient to her personally to try a case in St. Clair County. The plaintiffs also provided an excerpt of the deposition of Dr. Larson, who testified regarding his treatment of Mrs. Giacomo's ureteral injuries in Mt. Vernon (Jefferson County). He testified that, at the time of the deposition, he resided in Quincy (Adams County) but was planning to relocate to Greenville, South Carolina, later that month. Dr. Larson testified that his colleague, Dr. Ramirez, who also performed treatment on Mrs. Giacomo in Mt. Vernon, had relocated, possibly to St. Louis.

¶ 12    The circuit court held a hearing on the defendants' motion to dismiss or transfer on December 17, 2020. At oral argument, counsel for the plaintiffs represented to the court that Dr. Ramirez is now in Decatur (Macon County). On January 14, 2021, the circuit court entered a detailed written order granting the defendants' motion to transfer. The circuit court began its analysis by noting that while the plaintiffs' choice of forum is entitled to deference, it is to be accorded less deference than typically afforded a plaintiff who files suit in the county of her residence or the forum which gave rise to the litigation. With that level of deference in mind the circuit court analyzed the relevant private and public interest factors in turn. As to the private interest factors, the circuit court found that the convenience of the parties did not favor either St. Clair or Marion County, but that the relative ease of access to sources of testimonial, documentary, and real evidence strongly favors Marion County, because most of the witnesses reside in Marion, or neighboring Jefferson, County.

¶ 13    As to the public interest factors, the circuit court noted that there had been no evidence or testimony that Mrs. Giacomo received any medical care related to the occurrence, or any subsequent medical care, in St. Clair County. The circuit court found that, conversely, the citizens of Marion County have a strong public interest in the medical care provided in their

5

community. The circuit court found it insignificant that Heartland maintains an office and medical facilities in St. Clair County because those facilities and offices were not related to this litigation. Thus, the circuit court found that the public interest factor of the unfairness of imposing jury duty upon residents of a county with no connection to the litigation strongly favors transfer to Marion County. As to administrative considerations, the circuit court acknowledged the statistics but found that such statistics do not adequately address readiness on the part of the court. Accordingly, the circuit court found this factor did not favor transfer. However, because it found most of the public and private interest factors strongly favored transfer to Marion County, the circuit court concluded that such transfer was proper. The plaintiffs filed a petition for leave to appeal the circuit court's order pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020), which this court granted.

¶ 14                                ANALYSIS

¶ 15    We recently set forth the well-established standards for our review of an order granting or denying a motion to transfer for *forum non conveniens* as follows:

"' " 'A trial court's decision on a *forum non conveniens* motion will be reversed only if it can be shown that the trial court abused its discretion in balancing the various factors at issue.' *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005). A circuit court abuses its discretion where no reasonable person would take its adopted view. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177 (2003).

'*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice.' *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006). The doctrine permits the circuit court to decline jurisdiction over a case when trial in another forum

6

would better serve the ends of justice. *Id.* If jurisdiction is so declined, the case must be dismissed because the circuit court lacks the authority to transfer it. *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 13. 'The dismissal is conditioned on the plaintiff timely filing the action in the other forum; and the defendant accepting service of process from that court, and waiving any available statute of limitations defense.' *Id.*; see also Ill. S. Ct. R. 187(c)(2) (eff. Jan. 4, 2013). 'Each *forum non conveniens* case must be considered as unique on its facts.' *Langenhorst*, 219 Ill. 2d at 443. 'Every request for transfer based upon *forum non conveniens* must be decided pursuant to an "individualized, case-by-case consideration of convenience and fairness." ' *Gridley*, 217 Ill. 2d at 168 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

In determining whether to grant or deny a motion to dismiss on the basis of *forum non conveniens*, the circuit court must balance private interest factors affecting the litigants and public interest factors affecting the administration of the courts. *Dawdy*, 207 Ill. 2d at 172. The private interest factors include the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive. *Id.* The public interest factors include the interest in having local controversies decided locally, the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin, and the unfairness of imposing jury duty upon residents of a county with no connection to the litigation. *Id.* at 173.

7

The defendant has the burden of showing that the balance of the relevant public and private interest factors strongly favors a dismissal and transfer (*id.*), and the circuit court must evaluate the totality of the circumstances when determining whether that burden has been met (*Fennell*, 2012 IL 113812, ¶ 17). The relevant factors are not weighed against each other, and no single factor should be emphasized. *Langenhorst*, 219 Ill. 2d at 443-44.

'An additional consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum.' *Dawdy*, 207 Ill. 2d at 173. It is generally assumed that the plaintiff's choice of forum is convenient, and unless the balance of the relevant factors strongly favor a dismissal, the plaintiff's choice should rarely be disturbed. *Id.* 'However, when the plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's choice of forum is accorded less deference.' *Fennell*, 2012 IL 113812, ¶ 18. Moreover, when the plaintiff is foreign to the chosen forum and the action that gives rise to the litigation did not occur in the chosen forum, 'it is reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, a strategy contrary to the purposes behind the venue rules.' (Internal quotation marks omitted.) *Dawdy*, 207 Ill. 2d at 174. 'A plaintiff's right to choose a forum "cannot be permitted to override the public interest in, and need for, an orderly, efficiently operated judicial system." ' *Id.* at 175 (quoting *Espinosa v. Norfolk & Western Ry. Co.*, 86 Ill. 2d 111, 123 (1981))." ' " *Wylie v. Schaefer*, 2021 IL App (5th) 200425, ¶ 14 (quoting *Kuhn v. Nicol*, 2020 IL App (5th) 190225, ¶ 11, quoting *Shaw v. Haas*, 2019 IL App (5th) 180588, ¶¶ 15-19).

¶ 16 Here, we cannot say that the circuit court abused its discretion in granting the defendants' motion to transfer because a reasonable person could conclude, as the circuit court did, that the balance of the private and public interest factors strongly favors a trial in Marion County, where the plaintiffs' cause of action arose, rather than St. Clair County. In their petition for leave to appeal, the plaintiffs present an alternative analysis of the public and private interest factors from the one employed by the circuit court. However, a showing that an alternative conclusion could be made based on the factors is not tantamount to a showing that no reasonable person could conclude that transfer was proper as the circuit court did. We find the circuit court's detailed, written order to be within the bounds of reason, which is the standard of our review. Moreover, the plaintiffs do not cite to any case law, and this court is aware of none, where an abuse of discretion was found in granting a motion to transfer based on *forum non conveniens* where transfer was made to the forum in which the cause of action arose. This court cannot find an abuse of discretion on these facts.

¶ 17 We reject the plaintiffs' argument that the defendants must prove that the plaintiff's chosen venue is inconvenient to the defendants before the circuit court can move forward with evaluating the public and private interest factors set forth above, as the convenience of the parties is but one factor to be considered. See *id.* (outlining the private and public interest factors and listing the convenience of the parties as one relevant private interest factor). To the extent that the cases cited by the plaintiffs so hold, they have been overruled by subsequent cases as we have set forth above. The plaintiffs cite to *Langenhorst v. Norfolk Southern Ry. Co.* (219 Ill. 2d 430, 450 (2006)) in support of their argument that the inconvenience to the defendants is, in essence, a threshold determination that must be made before addressing the factors. However, the

9

*Langenhorst* court's discussion of the convenience of the parties was made as part of its assessment of the private interest factors, not as a threshold matter. See *id.*

¶ 18 Finally, the plaintiffs attempt to distinguish this case from recent cases in which this court found an abuse of discretion for the circuit court to deny a motion to transfer to the county where the alleged medical malpractice occurred. See *id.* However, it is a logical fallacy to conclude that because this case differs in some respects from those in which we have found that the circuit court abused its discretion in refusing to transfer to the county in which the medical malpractice arose, it necessarily follows that the circuit court abused its discretion in ordering this case transferred to the county where the malpractice arose. Such an argument gives no credence to our standard of review.

¶ 19                                     CONCLUSION

¶ 20 For the foregoing reasons, the January 14, 2021, order of the circuit court of St. Clair County that granted the defendants' motion to transfer the plaintiffs' medical malpractice complaint to Marion County, based on the doctrine of *forum non conveniens*, is affirmed.

¶ 21 Affirmed.